[Cite as *Hogan v. Ohio Dept. of Transp.*, 2011-Ohio-3963.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NANCY M. HOGAN

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-12885-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Nancy Hogan, filed this action against defendant, Department of Transportation (ODOT), contending her vehicle was damaged on November 27, 2010, at 7:30 p.m. as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 South in Franklin County. Specifically, plaintiff asserted her front driver's side tire and rim were damaged as a result of striking a pothole while she drove south "on 71 towards Stringtown Road in Grove City." In her complaint, plaintiff requested damage recovery of $463.07, the stated cost for automotive repairs. The $25.00 filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's incident. Defendant advised that no complaints of a pothole were received at the location on Interstate 71 described by plaintiff which "is near county milepost 9.53 or state milepost 100.60 on I-71 in Franklin County." Defendant noted that ODOT records show one report of a pothole was received for "southbound I-71 near the Grove City area but it was repaired two days before plaintiff's incident." Defendant contended plaintiff did not

produce any evidence to establish the length of time the pothole at milepost 100.60 on Interstate 71 existed prior to her November 27, 2010 damage occurrence.

{¶ 3} Furthermore, defendant contended that plaintiff failed to offer evidence to prove ODOT negligently maintained the roadway. Defendant asserted that plaintiff has not shown her property damage was attributable to conduct on the part of ODOT personnel. Defendant explained that the ODOT "Franklin County Manager inspects all state roadways within the county at least two times a month." Apparently, no potholes were discovered at milepost 100.60 on Interstate 71 the last time that particular section of roadway was inspected prior to November 27, 2010. The claim file is devoid of any inspection record. Defendant did submit a copy of the "Maintenance History" for Interstate 71 in Franklin County covering the dates from May 27, 2010 to November 27, 2010. This record shows that ODOT crews patched potholes in the area including milepost 100.60 on September 1, 2010, September 7, 2010, and November 17, 2010.

{¶ 4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to

{¶ 5} produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67

Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. No. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of the pothole. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the

defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NANCY M. HOGAN

   Plaintiff

   v.

OHIO DEPARTMENT OF TRANSPORTATION

   Defendant

   Case No. 2010-12885-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

   Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

                                          _____
                                          DANIEL R. BORCHERT
                                          Deputy Clerk

Entry cc:

Nancy M. Hogan                        Jerry Wray, Director
1762 Wacker Drive                     Department of Transportation
Lancaster, Ohio  43130                1980 West Broad Street
                                      Columbus, Ohio  43223

SJM/laa
4/15
Filed 5/5/11

Sent to S.C. reporter 8/10/11